THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Tamel D.,
 Norman C., and Jamel C., Defendants,
 Of Whom Norman
 C. and Jamel C. are Respondents,
 And Tamel D. is
 the Appellant.
  
 In the Interests of T.D. and Tr.D., 
 both minors under the age of 18.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court
 Judge
Unpublished Opinion No. 2010-UP-212
Submitted March 1, 2010  Filed March 15,
 2010    
AFFIRMED

 
 
 
 Lelia B. Ferguson and Michael  Witherspoon, both of Columbia, for
 Appellant.
 Lillie Currington Hart, of Columbia, for Respondents Norman C. and
 Jamel C.  
 Rose Mary McGregor, of Lexington, for Respondent South Carolina
 Department of Social Services.
 Michelle M. Dickerson, of West Columbia, Guardian Ad Litem.
 
 
 

PER CURIAM: Tamel
 D. (Father) appeals from the family court's order terminating his parental
 rights (TPR) to his two minor children   (Children).  Father argues the family
 court erred in finding TPR was in Children's best interests.  Father also
 argues the family court erred in relying on the guardian ad litem's (the GAL)
 recommendation because the GAL did not conduct an independent assessment.   We
 disagree.  
1.  Despite Father's arguments to the contrary, we find the
 Department of Social Services (DSS) proved by clear and convincing evidence
 termination of Father's parental rights was in the best interests of Children.[1]  See S.C. Code Ann. §
 63-7-2620 (2008) (explaining that when the child's interests and the parental
 rights conflict, the child's interests shall prevail); Charleston County Dep't
 of Soc. Servs. v. King, 369 S.C. 96, 105, 631 S.E.2d 239, 244 (2006) ("When
 reviewing the family court decision, appellate courts may make their own
 conclusions of whether DSS proved by clear and convincing evidence that
 parental rights should be terminated."); Charleston County Dep't of
 Soc. Servs. v. Jackson, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App.
 2006) (stating despite the appellate court's broad scope of review, it should
 not necessarily disregard the findings of the family court, which was in a
 better position to evaluate the credibility of the witnesses and to assign
 weight to their testimony); Id. at 102, 627 S.E.2d at 774 (declaring the
 best interests of the children are the paramount consideration in a TPR case).
2.  We also find clear and convincing evidence the GAL represented
 Children's best interest.  See S.C.
 Code Ann. § 63-11-510 (2008) (stating the responsibilities and duties of a guardian
 ad litem include: (1)
 representing a child's best interest; (2) advocating for
 the welfare and rights of a child in an abuse or neglect proceeding; (3)
 conducting an independent assessment of the facts, the needs of a child, and
 the available resources within the family and community to meet those needs; (4)
 maintaining a case record; (5)
 providing the family court with a written report; (6)
 monitoring compliance with family court orders and making motions to enforce
 the orders if necessary; and (7)
 protecting and promoting the best interests of a child); S.C. Code Ann. §
 63-11-530 (2008) (explaining a guardian ad litem is authorized to conduct an
 independent assessment of the facts, visit and observe a child, interview those
 involved in the case, and make recommendations to the family court concerning a
 child's welfare).  
Accordingly,
 the family court's order is   
AFFIRMED. [2]
FEW, C.J.,
 KONDUROS, J., and CURETON, A.J., concur.

[1] Father did not appeal the family court's finding a
 statutory ground for TPR existed.  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.